**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Flores MOLINA, Defendant—Appellant.**

**No. 03–30046.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided June 9, 2004.

**690**

Lynne W. Lamprecht, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Teresa A. Hampton, Esq., Boise, ID, for Defendant–Appellant.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

### MEMORANDUM *

Jose Flores Molina ("Molina") appeals a judgment upon his jury conviction for possession with intent to distribute heroin and methamphetamine in violation of 21 U.S.C. § 841(a)(1), following the district court's denial of his motion to suppress evidence seized during a warrantless search. Molina contends that the search violated his Fourth Amendment rights, and that the district court erred in finding that the search was justified under the rule of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

Because the parties are familiar with the facts, we do not recite them in detail except as necessary. On April 3, 2002, the Idaho State Police stopped Molina's car for investigation after a motorist reported that it had been weaving. During the stop, Corporal Prescott ("Prescott") asked Molina to step out of the car for an interview.

During the interview, Molina put his hands into a tunnel pocket on the front of his sweatshirt. Prescott told Molina to take his hands out of the front pocket. Molina did so, but then returned his hands to the pocket. Prescott patted the front pocket and felt a lump. Prescott then repeated his command and told Molina to display the contents of his pocket. Molina took his hands out of his pocket and momentarily displayed a toothpick, a gum wrapper, and some change before shoving his hands back in the pocket. None of the objects Molina displayed accounted for the lump Prescott had felt.

Because Molina had refused to comply with his instructions, Prescott again patted the front of the pocket, and felt the hard lump, which he could not identify. After the third time Molina put his hands into the pocket, Prescott told Molina a third time to take his hands out of the pocket, then reached into the pocket and withdrew what he immediately perceived to be a plastic bag containing narcotics. He arrested Molina, and a subsequent search revealed additional narcotics on Molina's person.

Molina moved to suppress the evidence seized from his pocket. The district court held an evidentiary hearing, at which Prescott and other officers who responded to the scene testified. Prescott testified that he was concerned for his personal safety because (1) Molina kept putting his hands in his pockets, which, after being told not to, was an abnormal move; (2) Prescott was trained to keep a suspect's hands in view; and (3) Prescott had recently received numerous officer safety bulletins. Prescott admitted that he did not believe the object in Molina's pocket to be a gun,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

knife, pepper spray, baton, or other weapon that he could identify by kind. The district court found Prescott's testimony credible and denied Molina's motion to suppress.

We review a district court's denial of a motion to suppress evidence de novo. *United States v. Fernandez–Castillo*, 324 F.3d 1114, 1117 (9th Cir.2003). We review the district court's factual findings for clear error. *Id.*

The district court properly denied Molina's motion to suppress on the ground that *Terry* permits an officer who has an objectively reasonable concern for his personal safety to search a suspect for weapons. In *Terry*, the Supreme Court held that during an investigation

> where nothing in the initial stages of the encounter serves to dispel [an officer's] reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

*Terry*, 392 U.S. at 30, 88 S.Ct. 1868. To justify the search, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21, 88 S.Ct. 1868. This is an objective standard, and a judge considering a *Terry* search must decide: "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Id.*

Here, the district judge's finding that the facts available to Prescott warranted his belief that searching the pocket was appropriate was not clearly erroneous. Prescott's concern for his safety was reasonable, and was based on specific, articulated facts.

The testimony at the hearing showed that Prescott was faced with a suspect who repeatedly disobeyed instructions to keep his hands out of his pocket, that he had been trained for officer safety reasons to keep a suspect's hands in plain view at all times, and that he was concerned when Molina kept putting his hands back into the pocket because it was "not a normal move" and "because I am standing within arm's reach of him, my life could be in danger." Moreover, Prescott testified that he thought he would find drugs in the car, not on Molina, which supports the inference that his search was motivated by personal safety concerns, not a generalized search for contraband.

Therefore, Prescott's search of Molina's pocket was within the limited bounds of *Terry*. Accordingly, we AFFIRM the district court's denial of Molina's motion to suppress and the ensuing judgment of conviction.

AFFIRMED.